**SO ORDERED.**

**SIGNED this 18 day of February, 2011.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN RE:

TANGLEWOOD FARMS, INC.           CASE NO. 10-06719-8-JRL
OF ELIZABETH CITY,
                                 Chapter 11

IN RE:

JAMES HOWARD WINSLOW, and        CASE NO. 10-06745-8-JRL
BILLIE REID WINSLOW,
                                 Chapter 11
    DEBTORS.

### ORDER

This matter came before the court on a motion to substantively consolidate the two Chapter 11 cases. On January 31, 2011, the court conducted a hearing on this matter in Raleigh, North Carolina.

The Official Committee of Unsecured Creditors of Tanglewood Farms, Inc. (the "Committee") filed a motion to consolidate the cases on January 21, 2011. In its motion, the Committee referred to the testimony of James Winslow and Doug Gurkins at an earlier hearing on January 25, 2011. Specifically, Mr. Winslow testified with regard to his activities concerning Tanglewood Farms, Inc. Mr. Winslow oversaw the grain, trucking and farming operations;

made decisions affecting the assets and liabilities between Tanglewood Farms and Winslow Farms; applied the proceeds from the sale of grain from the various farms to outstanding debts, regardless of the source of those proceeds; and, made oral agreements with creditors.  Mr. Winslow's treatment of the two entities as one was supported through the testimony of Ms. Sara Armstrong, the accountant for the Examiner.  Ms. Armstrong noted that the financial affairs of the two entities were conducted in a manner that was without regard to "corporate formality." Mr. Gurkins testified that as the Chief Restructuring Officer, it was difficult to distinguish between the two cases' assets and liabilities after the bankruptcy petition was filed.  Post-petition discussions with creditors revealed that the creditors identified the debtors as one entity. Furthermore, Mr. Gurkins' personal experience with the debtors and the general impression from the community led him to believe that Mr. Winslow administered the two farms under one identity.

The Committee further contends that ordinary business practice was conducted in such a manner that it is not feasible to disassociate the two entities post petition.  It was noted that outstanding debts were paid in accordance with no set methodology, but rather by proceeds received by either entity.

Meherrin Agricultural & Chemical Company and C.A. Perry & Son, Inc. ("Meherrin" and "C.A. Perry," respectively) separately objected to the Committee's motion for substantive consolidation.  Specifically, Meherrin and C.A. Perry asserted that substantive consolidation is not in the best interests of the unsecured creditors, collectively.  Based on this assertion, it was noted that there is a divergence of claims between unsecured creditors who had an opportunity to file a claim against Tanglewood Farms and Winslow Farms but who ultimately have a claim

again one entity and not the other.

## ANALYSIS

Substantive consolidation is the method by which a court orders consolidation of the assets and liabilities of two distinct legal debtors for purposes of a bankruptcy proceeding. While Rule §1015 of the Federal Rule of Bankruptcy Procedure permits the consolidation and joint administration of two pending cases, the rule is merely for procedural convenience and does not involve the consolidation of the two entities' assets and liabilities.  Substantive consolidation is not statutorily defined; but, rather, is defined by case law.

Substantive consolidation, as a legal remedy, is the method by which assets "of a group of entities [are pooled] into a single survivor." In re Owens Corning, 419 F.3d 195, 206 (3d Cir. 2005).  The creditors' claims for the separate entities, therefore, will "morph to claims against the consolidated survivor." Id. (citing In re Genesis Health Ventures, Inc. v. Stapleton, 402 F.3d 416, 423 (3d Cir. 2005)).  While consolidation results in the sharing of assets and liabilities between the creditors of the separate entities, the "sole purpose of substantive consolidation is to ensure the equitable treatment of all creditors." In re Augie/Restivo Baking Co. Ltd., 860 F.2d 515 (2nd Cir. 1988).

This court has authority to substantively consolidate separate bankruptcy estates into a single estate pursuant to its general equitable powers under 11 U.S.C. §105. In re Bonham, 226 B.R. 56 (Bankr. D. Alaska 1998).  "Substantive consolidation should be used sparingly to prevent injustice." In re Fas Mart Convenience Stores, Inc., 320 B.R. 587, 594 (Bankr. E.D.Va 2004).  In determining whether substantive consolidation is warranted, this court adopted a two-factor test in In re Convalescent Ctr. Of Roanoke Rapids, Inc., Case No. 06-00310-8-RDD

3

(Bank. E.D.N.C. Aug. 7, 2006).  Specifically, to grant a motion for substantive consolidation, the court must determine "(i)whether creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit, . . .  or (ii) whether the affairs of the debtors are so entangled that consolidation will benefit all creditors." Id.

In the present proceeding, a significant number of creditors are unique to each debtor and as a result of this divergence of creditor claims, the creditors in the Winslow case will be significantly prejudiced by a consolidation of the two debtors' assets and liabilities.  The amount is substantial, with close to $2 million in claims present in the Tanglewood case that are not present in the Winslow case.  Consolidation in this instance will result in significant dilution of the claims by forcing the creditors of the Winslows to "share on a parity with creditors of a less solvent debtor," Tanglewood. In re Augie/Restivo, 860 F.2d at 518.

Based on the foregoing, the Committee's motion for substantive consolidation is **DENIED**.

"**END OF DOCUMENT**"