**SO ORDERED.**

**SIGNED this 22 day of June, 2011.**

_____

**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### GREENVILLE DIVISION

IN RE:

JAMES HOWARD WINSLOW and
BILLIE REID WINSLOW,                                CASE NO. 10-06745-8-JRL

    DEBTORS.                                        CHAPTER 11

### ORDER

This matter came before the court on creditor AgCarolina Financial, ACA's application

for compensation.  A hearing was held on May 10, 2011 in Raleigh, North Carolina.

### BACKGROUND

AgCarolina Financial, ACA ("AgCarolina") is one of several secured creditors in James

and Billie Winslow's chapter 11 proceeding.  The Winslows operate Tanglewood Farms, Inc. of

Elizabeth City, another entity which filed for chapter 11 relief with the Winslows on August 23,

2010.  AgCarolina filed a proof of claim in the Winslows' case and is owed approximately

$1,452,115.00 on a prepetition promissory note secured by six tracts of land owned by the

debtors.  The majority of AgCarolina's collateral has been sold.  Most recently, the debtors sold

the creditor's real property collateral on March 22, 2011 at a public auction.  AgCarolina, an

oversecured creditor, now applies for attorneys' fees in the amount of $37,580.00 and expenses

in the amount of $545.25 incurred through March 29, 2011 to be paid out of the proceeds of the

March 22, 2011 auction.  Creditor C.A. Perry & Son, Inc. ("C.A. Perry") objected to

AgCarolina's application on the grounds that $4,010.00 of the attorneys' fees sought were for

matters not reasonably related to the collection of AgCarolina's secured debt.

The issue of whether attorneys' fees can be awarded under 11 U.S.C. § 506(b) is based

on interpretation of applicable state law.  In Independence Nat'l Bank v. Dye Master Realty, Inc.

(In re Dye Master Realty, Inc.), 15 B.R. 932 (Bankr. W.D.N.C. 1981), the court held that before

an award of fees under § 506(b) can be made, compliance with state law as to any conditions

precedent to the recovery of attorneys' fees must be found.  Id. at 935-36.  Construction of

contracts providing for attorneys' fees is done through the lens of state law.  Id.  After assessing

whether conditions precedent have been fulfilled and interpreting the contract under state law,

federal courts must then determine whether the amount of fees is reasonable under federal law.

Id.; See also 4 Collier on Bankruptcy ¶ 506.04[3][d] (Alan N. Resnick & Henry J. Sommer eds.,

16th ed.).  Under this standard, courts may inquire into whether the services in question were

reasonably required under the circumstances.  Id.

North Carolina law allows for the recovery of reasonable attorneys' fees incurred in

connection with  the collection of debts where a note provides for such a recovery.  N.C. Gen.

Stat. § 6-21.2.[1]  The note and deed of trust held by AgCarolina grant a broad range of attorneys'

fees to the creditor in the event the creditor must collect on the debt or enforce or preserve its

rights related to the security of the note.  This provision specifically includes fees incurred in any

---

[1]A creditor seeking attorneys' fees cannot collect more than 15% of the outstanding
balance on the debt at issue.  § 6-21.2(1). AgCarolina's request does not approach this limit.

bankruptcy case involving the borrower.  Based on the broad language of the attorneys' fees provision in the note, the services described in AgCarolina's application are reasonable. Furthermore, the fees requested are reasonable under the federal standard described above in light of the contractual provision and the fact that the debtors' ability to repay AgCarolina has been murky since the commencement of the case.  As a result of this uncertainty, the actions described in AgCarolina's detailed application were justified.  Both AgCarolina and C.A. Perry agree that $75.00 of the fees applied for were incurred in a separate bankruptcy case not involving the Winslows and were erroneously included in the application.  The fees awarded are therefore reduced by this amount.

Based on the foregoing, the court **APPROVES** AgCarolina's application for attorneys' fees in the amount of $37,505.00 and costs in the amount of $545.25.

**END OF DOCUMENT**